UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Schlenker, *et al.*,   Case No. 3:20-cv-2733

          Plaintiffs,

v.   MEMORANDUM OPINION
AND ORDER

City of Wapakoneta,

          Defendant.

## I. INTRODUCTION AND BACKGROUND

Plaintiffs David and Amy Schlenker own real property in Auglaize County, Ohio. They allege Defendant the City of Wapakoneta, Ohio incorporated a retention pond located on the Schlenkers' property into the City's stormwater retention system, and that the City did so without obtaining the Schlenkers' permission or providing them with compensation. (Doc. No. 1 at 3-4). The Schlenkers assert two claims for relief: (1) a claim for just compensation under the Fifth Amendment's Takings Clause; and (2) a claim under 42 U.S.C. § 1983 for violation of their Fifth and Fourteenth Amendment rights. (*Id.* at 4-5).

Defendant has filed a motion to dismiss Plaintiffs' first cause of action in full and the second cause of action to the extent Plaintiffs assert a claim for violation of their substantive due process and equal protection rights. (Doc. No. 11). Plaintiffs filed a brief in response, (Doc. No. 14), and Defendant filed a brief in reply. (Doc. No. 16). For the reasons stated below, I grant Defendant's motion.

## II. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

The City argues I should dismiss those parts of the Schlenkers' second cause of action which allege a violation of the Plaintiffs' Fourteenth Amendment equal protection and substantive due process rights. (Doc. No. 11 at 5-7). The Schlenkers concede they currently lack evidence to support independent claims for relief under the Fourteenth Amendment and do not oppose the dismissal without prejudice of those parts of their second cause of action. (Doc. No. 14 at 9). I grant Defendant's motion and dismiss those portions of Count Two which assert a claim for violation of the Plaintiffs' Fourteenth Amendment equal protection and substantive due process rights.

The City also argues I should dismiss the Schlenkers' first claim for relief because there is not an independent cause of action for a taking without just compensation arising directly from the Fifth Amendment. (Doc. No. 11 at 3-5). The Schlenkers oppose this portion of Defendant's motion, arguing the Fifth Amendment Takings Clause is self-executing and provides them with a stand-alone cause of action. (Doc. No. 14 at 5-9). I conclude the Schlenkers' argument is not persuasive.

The Supreme Court has not recognized an independent cause of action arising directly from the Fifth Amendment. To the contrary, the Court's jurisprudence has taken for granted that a property owner must bring a takings claim through another vehicle. For instance, a person "whose property has been taken by the Federal Government has a claim "founded . . . upon the Constitution" that he may bring under the Tucker Act." *Knick v. Twp. of Scott, Penn.*, 139 S. Ct. 2162, 2172 (2019).

While Plaintiffs are correct that the Takings Clause is "self-executing," (Doc. No. 14 at 7), that means the "Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner." *Knick*, 139 S. Ct. at 2170. The Fifth Amendment Takings Clause is "applicable to the States through the Fourteenth Amendment." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021); *see also Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (citing *Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226 (1897)).

Therefore, the "self-executing" nature of the Takings Clause "allows the [property] owner to proceed directly to federal court under § 1983," rather than having to first exhaust available remedies provided by the State. *Knick*, 139 S. Ct. at 2171; *see also id.* at 2177 ("We conclude that a government violates the Takings Clause when it takes property without compensation, and that a property owner may bring a Fifth Amendment claim under § 1983 at that time.").

Plaintiffs fail to show the Fifth Amendment provides a stand-alone cause of action against a local government to an alleged violation of the Takings Clause. Therefore, I grant Defendant's motion to dismiss Plaintiffs' first case of action.

## IV. CONCLUSION

For the reasons stated above, I grant Defendant's motion to dismiss. (Doc. No. 11). I dismiss Plaintiffs' first cause of action for failure to state a claim upon which relief may be granted.

3

I dismiss without prejudice those portions of Plaintiffs' second cause of action which assert a claim for the violation of Plaintiffs' Fourteenth Amendment equal protection and substantive due process rights.

Defendant shall file its answer to Plaintiffs' remaining claims within 30 days of the date of the filing of this Memorandum Opinion and Order. The parties shall submit a joint status report regarding the progress of discovery and appropriate next steps within 14 days of the date on which Defendant files its answer.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge